IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN COURTNEY<br>AND MANSUKH VAGHELA | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| NSC COMPANIES, INC.,<br>NSC COMPANIES, INC. 401(k)<br>PLAN, PATRICIA A. THOMPSON,<br>AND LONG TRAN | § § § § § § | |
| Defendants | § | |

## COMPLAINT

Plaintiffs John Courtney ("Courtney") and Mansukh Vaghela ("Vaghela") (collectively "Plaintiffs") file this suit for causes of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C §1104, §1132(a)(2), and §1132(a)(3) against Defendants NSC Companies, Inc. ("NSC"), NSC Companies, Inc. 401(k) Plan, (the "Plan"), Patricia A. Thompson ("Thompson"), and Long Tran ("Tran") (collectively "Defendants"). Plaintiffs also assert claims against NSC and Thompson for breach of contract.

## INTRODUCTION

Plaintiffs worked for NSC and participated in NSC's 401(k) Plan directing that a portion of their earnings be directed to the Plan each pay period. Defendants misrepresented to Plaintiffs that the appropriate 401(k) contributions were being made, but Defendants instead kept a significant portion of the money for themselves. Upon discovering Defendants' theft, and clear violation of ERISA, Plaintiffs confronted

Defendant Thompson with the evidence of her misconduct, who admitted to her malfeasance and promised Plaintiffs that she would return the money. She never did return Plaintiffs' money to the Plan. When it was clear that the Defendants would not return the money, Plaintiffs resigned from NSC's employment. Defendant NSC also failed to pay Plaintiffs all wages owed to them.

## PARTIES

1. Plaintiff John Courtney is an individual and resides at 6614 Trailway Lane, Spring, Texas 77379.

2. Plaintiff Mansukh Vaghela is an individual and resides at 11627 Bexley Dr., Houston, Texas 77099.

3. Defendant NSC Companies, Inc., is a Texas corporation (not in good standing) doing business in the State of Texas, and is headquartered at 2630 Fountain View Dr., Suite 214, Houston, TX 77057-7626.

4. Defendant NSC Companies, Inc. 401(k) Plan (the "Plan") is an employee benefit plan, as defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and, more particularly, it is, in pertinent part, an "employee pension benefit plan", as defined at ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A).

5. Defendant Patricia A. Thompson, President of NSC Companies, Inc., resides at 1500 Sandy Springs #67, Houston, Texas 77042. Defendant Thompson is the "plan administrator" and a fiduciary of the NSC Companies, Inc. 401(k) Plan within the meaning of ERISA. Additionally, Thompson is a "party in interest" as defined at Section 3(14) of ERISA, 29 U.S.C. § 1002(14) as "any fiduciary (including but not limited to,

any administrator, officer, trustee, or custodian), counsel, or employee of such employee benefit plan" or "an employer any of whose employees are covered by such plan."

6. Defendant Long Tran is a fiduciary for the NSC Companies, Inc. 401(k) Plan within the meaning of ERISA. Defendant Tran's address of residence is not yet known to Plaintiffs.

## JURISDICTION AND VENUE

7. Plaintiffs invoke the jurisdiction of this Court pursuant to the Employee Retirement Income Security Act of 1974 as amended. 29 U.S.C. § 1132(e). Plaintiffs also invoke the Court's supplemental jurisdiction for their common law claim for breach of contract. 28 U.S.C § 1367.

8. Venue is proper in this Court because the unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. The Defendant 401(k) Plan is also administered from this District.

## FACTS

9. Plaintiffs worked for NSC providing information technology services to NSC's client companies.

10. NSC maintained a 401(k) Plan. The Plan was funded by pre-tax employee contributions deducted from the Plaintiffs' and other participating employees' wages.

11. Plaintiffs Courtney and Vaghela participated in the Plan, and, for a period of time, Defendants properly placed Plaintiffs' contributions into the Plan. In the summer of 2008, however, Defendants began an illegal scheme to steal Plaintiffs' contributions to the Plan.

12. Between August 11, 2008 and August 2, 2009, Plaintiff Vaghela directed that $14,477 of his wages be withheld from his paychecks and contributed to the Plan. Defendants withheld that amount from Plaintiff Vaghela's pay and misrepresented to him that it had been or would be deposited in the Plan.

13. Between July 1, 2008 and August 2, 2009, Plaintiff Courtney directed that $16,176.25 be withheld from his paychecks and contributed to the Plan. Defendants withheld that amount from Plaintiff Courtney's pay and misrepresented to him that it had been or would be deposited in the Plan.

14. Around April, 2009, Plaintiff Vaghela learned that not all of his 401(k) contributions had not been deposited in his 401(k) account. He sent an email to Defendant Thompson regarding plan assets that had been deducted from his payroll and not deposited into the plan 401(k) (i.e., the $14,477 referenced above).

15. Plaintiff Vaghela took out a loan against his 401(k) plan and authorized monthly deductions from his paycheck for repayment. This deduction was taken from each of his paychecks, but in June of 2009 Plaintiff Vaghela received a letter indicating his loan payments had not been made. He realized that Defendants' failed to remit his loan payments causing him additional damages.

16. Around July 24, 2009, Plaintiff Courtney discovered that not all of his 401(k) contributions had not been deposited into his 401(k) account despite weekly payroll deductions. In total, Defendants kept for themselves $16, 176.25 of Plaintiff Courtney's wages, which he directed should be placed in the Plan. Plaintiff Courtney questioned Thompson about the missing money, and she assured him in writing: "We

4

will make sure that all of your contributions will be made." However, the contributions were not made.

17. Based on information and belief, the Defendants retained Plaintiffs 401(k) contributions illegally.

18. Additionally, Defendants owe Plaintiffs wages for services rendered. Defendants owe Plaintiff Courtney and Plaintiff Vaghela $2,200 and $ 8,000.00, respectfully.

## CAUSES OF ACTION

### Breach of Fiduciary Duty

19. By withholding portions of the Plaintiffs' payroll under the pretext of making 401(k) contributions and personally keeping withheld funds, Defendants Thompson and Tran violated ERISA Section 404, 29 U.S.C. § 1104 ("fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan." Accordingly, Plaintiffs bring suit under 29 U.S.C §1104, §1132(a)(2), and §1132(a)(3).

20. Defendants Thompson and Tran engaged in Prohibited Transactions in violation of ERISA Section 406(a)(1)(D) by failing to remit funds withheld from the Plaintiffs' payroll in benefit for their personal benefit.

21. Defendants Thompson and Tran violated ERISA Sections 406(b)(1) and 406(b)(2) by dealing "with the assets of the plan in [her/his] own interest."

22. Plaintiffs have been damaged by reason of Defendants' illegal conduct.

23. Defendants' conduct was intentional, willful, and malicious.

### Breach of Contract

24. Defendant NSC Companies, Inc. owes Plaintiffs wages for services rendered. Plaintiffs made demand for their wages.

### Attorneys' Fees

25. Plaintiffs are entitled to attorney's fees and costs under Tex.Civ.Prac. & Rem. Code §38.001 et seq. and under ERISA.

### **DEMAND FOR JURY**

26. Plaintiffs request a jury trial.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiffs ask that Defendants be cited to appear and answer and that a judgment be rendered against Defendants for the following:

1. For actual damages in an amount within the jurisdictional limits of the Court;

2. For reasonable attorney's fees and costs;

3. For administrative penalties;

4. For pre-judgment and post-judgment interest on all sums awarded;

5. For reasonable costs and expenses;

6. All such other relief, in law and equity, to which Plaintiff may be justly entitled.

Respectfully submitted:

Levine & Associates, P.C.

By: /s/ Mark J. Levine
Mark J. Levine
SDTX No. 20021
Texas State Bar No. 00791102
4747 Bellaire Blvd, Suite 500
Bellaire, Texas 77401

        713-574-4550 (telephone)
        713-660-8637 (facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS JOHN COURTNEY AND MANSUKH VAGHELA**

**OF COUNSEL**
Maricarmen Guzmán Dollar
SDTX No. 21802
Texas State Bar No. 24002195
4747 Bellaire Blvd, Suite 500
Bellaire, Texas 77401